IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


JANICE K. KITTLER and          §
LESLIE KITTLER,                §
                               §
              Plaintiffs,      §
                               §
v.                             §      CIVIL ACTION NO. H-12-0902
                               §
GMAC MORTGAGE, LLC,            §
                               §
              Defendant.       §


## MEMORANDUM OPINION AND ORDER

Plaintiffs, Janice K. Kittler and Leslie Kittler ("the Kittlers"), bring this action against defendant, GMAC Mortgage, LLC ("GMACM"), for declaratory judgment. Pending before the court is GMAC Mortgage, LLC's Motion for Summary Judgment and Incorporated Brief in Support Thereof (Docket Entry No. 25). For the reasons stated below, GMACM's motion for summary judgment will be granted, and this action will be dismissed with prejudice.

## I.  Procedural Background

This action was filed on June 10, 2011, in the District Court of Harris County, Texas, 333rd Judicial District (Cause No. 2011-34928), transferred to the 295th Judicial District, and then removed to this court on March 26, 2012.[1] Plaintiffs' Original Petition alleged that the Kittlers executed a Texas home equity

---

[1]Notice of Removal, Docket Entry No. 1.

promissory note in February of 2008 in the amount of $200,100.00, which was secured by a security instrument, both of which were attached to their Original Petition.[2]  On the same day, i.e., June 10, 2011, the Kittlers also filed Respondents' Notice of Petition Contesting Applicant's Right to Foreclosure in the case styled, <u>In re Order for Foreclosure, Concerning Janice K. Kittler and Leslie Kittler and 21051 Flaming Arrow Trail, Crosby, Texas 77532</u> (Cause No. 2011-10755) in the 295th Judicial District Court of Harris County, Texas.[3]  Plaintiffs' Original Petition contested GMACM's right to foreclose on their home at 21051 Flaming Arrow Trail, Crosby, Texas 77532, by asserting causes of action for negligent misrepresentation, breach of duty, and declaratory judgment.[4]

On March 26, 2012, GMACM removed this action to federal court asserting that "[t]his case is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between Plaintiffs on one hand, and GMACM on the other hand.

---

[2]<u>See</u> Plaintiffs' Original Petition, ¶ 6, Texas Home Equity Note, and Texas Home Equity Security Instrument, Exhibits A-C, respectively, to Notice of Removal, Docket Entry No. 1.  <u>See also</u> <u>Puig v. Citibank, N.A.</u>, 2013 WL 657676, *1 (5th Cir. February 22, 2013) (recognizing Texas Home Equity Security Instrument as a Deed of Trust encumbering property used to secure a home equity loan in Texas).

[3]Exhibit D to Notice of Removal, Docket Entry No. 1.

[4]Plaintiffs' Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1, pp. 3-4 ¶¶ 15-28.  <u>See also</u> Respondents' Notice of Petition, Exhibit D to Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1.

Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[5]

On April 13, 2012, GMACM filed a Rule 12© Motion for Judgment on the Pleadings (Docket Entry No. 5). On May 30, 2012, the court denied GMACM's Motion for Judgment on the Pleadings without prejudice, explaining that plaintiffs had failed to state a claim for relief. But instead of dismissing the case, the court ordered plaintiffs to file an amended complaint (Docket Entry No. 10).[6]

On June 11, 2012, the Kittlers filed a Notice of Suggestion of Bankruptcy (Docket Entry No. 11) stating that on May 14, 2012, GMACM and its affiliates filed voluntary petitions under Chapter 11 of the United States Code in the Southern District of New York. On June 14, 2012, the court entered an Order of Dismissal stating that "[a] petition filed under 11 U.S.C. § 301, et seq., operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the initiation of the bankruptcy case."[7]   The court's Order of Dismissal also stated, "Plaintiffs may reinstate this action upon notice to this court of the discontinuance of the stay pursuant to 11 U.S.C. § 362(c)(2), provided such notice is filed within 30 days

---

[5]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 5.

[6]Order, Docket Entry No. 10.

[7]Order of Dismissal, Docket Entry No. 12, p. 1.

after the bankruptcy stay is discontinued."[8] On July 31, 2012, the court reinstated the case and ordered the Kittlers to file an amended complaint (Docket Entry No. 16).

On August 14, 2012, the Kittlers filed Plaintiffs' First Amended Complaint in which they asserted a single cause of action for declaratory judgment (Docket Entry No. 18).

On August 15, 2012, GMACM answered Plaintiffs' First Amended Complaint (Docket Entry No. 19).

On January 25, 2013, GMACM filed a motion for summary judgment (Docket Entry No. 25), to which the Kittlers have responded (Docket Entry No. 26), and GMACM has replied (Docket Entry No. 27).

## II.  **Standard of Review**

Summary judgment is authorized if the movant establishes the absence of a genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).  The Supreme Court has interpreted Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[8]Id. at 2.

-4-

trial." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).
A party moving for summary judgment "must 'demonstrate the absence
of a genuine issue of material fact,' but need not <u>negate</u> the
elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37
F.3d 1069, 1075 (5th Cir. 1994) (<u>en banc</u>) (quoting <u>Celotex</u>, 106
S. Ct. at 2553-2554).  If the moving party meets this burden,
Rule 56(c) requires the nonmovant to go beyond the pleadings and
show by admissible evidence that specific facts exist over which
there is a genuine issue for trial.  <u>Id.</u> (citing <u>Celotex</u>, 106
S. Ct. at 2553-2554).  In reviewing the evidence "the court must
draw all reasonable inferences in favor of the nonmoving party, and
it may not make credibility determinations or weigh the evidence."
<u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2110
(2000).  Factual controversies are to be resolved in favor of the
nonmovant, "but only when . . . both parties have submitted
evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

### III.  Undisputed Facts

In 1992 the Kittlers purchased property located at 21051
Flaming Arrow Trail, Crosby, Texas 77532 ("the Property"),[9] by
obtaining a mortgage loan in the amount of $90,000.00.[10]

---

[9]1992 Warranty Deed, Exhibit A to GMAC Mortgage, LLC's Motion
for Summary Judgment ("GMACM's MSJ"), Docket Entry No. 25.

[10]1992 Deed of Trust, Exhibit B to GMACM's MSJ, Docket Entry
No. 25.

In April of 2006 the Kittlers refinanced and took out a home equity loan on the Property in the amount of $180,000.00.[11]

In October of 2007 the Kittlers sought to refinance their loan.[12]  On February 1, 2008, the Kittlers signed a new Home Equity Security Instrument and a Promissory Note in the amount of $200,100.00 (the "Loan").[13]

The original beneficiary under the Security Instrument was Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for GMACM.[14]  The Loan was subsequently assigned to GMACM via formal assignment.[15]

The Kittlers defaulted on the Loan by failing to make the required monthly payments.[16]

On November 1, 2010, a Notice of Default was sent to the Kittlers informing them that they were delinquent by $5,120.26.[17]

---

[11]Texas Home Equity Security Interest, Exhibit C to GMACM's MSJ, Docket Entry No. 25.

[12]Declaration of Michael S. Batson ("Batson Declaration"), Uniform Residential Loan Application, and Settlement Statement, Exhibits D, D-1, and D-2 to GMACM's MSJ, Docket Entry No. 25.

[13]Plaintiffs' First Amended Complaint ("First Amended Complaint"), ¶¶ 6-9, Note and Security Instrument, Exhibits D-3 and D-4 to GMACM's MSJ, Docket Entry No. 25.

[14]Security Instrument, Exhibit D-4 to GMACM's MSJ, Docket Entry No. 25.

[15]Assignment, Exhibit D-5 to GMACM's MSJ, Docket Entry No. 25.

[16]Batson Declaration, Exhibit D to GMACM's MSJ, Docket Entry No. 25.

[17]Notice of Default, Exhibit D-6 to GMACM's MSJ, Docket Entry No. 25.

On December 30, 2010, a Notice of Acceleration was sent to the Kittlers declaring all indebtedness on the Note due and payable.[18]

On February 18, 2011, GMACM filed a Rule 736 Application for Order for Foreclosure in the 295th Judicial District Court of Harris County, Texas (Cause No. 2011-10755).[19]

The total amount due on the Loan as of January 25, 2013, was $51,812.69.[20]

### IV.   Analysis

The Kittlers seek an order declaring that "(a) Defendant is not the holder of the Note, (b) a declaration of which party is the current holder of the Note if such information can be obtained, and (c) the amount owed on the Note."[21]

### A.   Plaintiffs Fail to Cite Any Evidence Raising a Fact Issue as to the Note Holder's Identity or to GMACM's Right to Foreclose

Asserting that "Defendant has alleged that it is the legal owner of the Note and related Security Instrument with authority to receive payments and to foreclose on Plaintiffs' Home,"[22] and that "Defendant and other parties asserting to be acting on behalf of

---

[18]Notice of Acceleration, Exhibit D-7 to GMACM's MSJ, Docket Entry No. 25.

[19]Rule 736 Application, Exhibit E to GMACM's MSJ, Docket Entry No. 25.

[20]See Batson Declaration, Exhibit D to GMACM's MSJ, Docket Entry No. 25, p. 3 ¶ 13.

[21]First Amended Complaint, Docket Entry No. 18, pp. 4-5 ¶ 26.

[22]Id. ¶ 10.

Defendant have collected payments from Plaintiff, threatened foreclosure, and disparaged Plaintiffs' credit,"[23] the Kittlers allege that "Defendant has failed to produce evidence to [them] that it is the current holder of the Note or the Security Instrument,"[24] that "[e]ven in the event it were determined that Defendant is the current holder of the Note, Plaintiffs believe and submit that [Defendant] still does not hold the Security Agreement and thus has an unsecured claim to the debt evidenced by the Note,"[25] and that they "dispute and deny the Defendant's right to foreclose on the Property."[26]

### 1.   Applicable Law

Texas law differentiates between enforcement of a promissory note and a security interest. "Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." Aguero v. Ramirez, 70 S.W.3d 372, 374 (Tex. App. — Corpus Christi 2002, pet. denied). In such situations the right to recover on the promissory note and the right to foreclose may be enforced separately. Id. See also Stephens v. LPP Mortgage, Ltd., 316 S.W.3d 742, 747 (Tex. App. — Austin 2010, pet. denied) (finding that the promissory note and the

---

[23] Id. ¶ 13.

[24] Id. ¶ 12.

[25] Id. ¶ 19.

[26] Id.

-8-

lien that secures it "constitute separate obligations" that "may be litigated in separate lawsuits"); Carter v. Gray, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.").  While enforcement of a promissory note is a personal action against the signatory that requires a judicial proceeding, foreclosure is an independent action against the collateral that may be conducted without judicial supervision.  See Bierwirth v. BAC Home Loans Servicing, L.P., No. 03-11-00644-CV, 2012 WL 3793190, at *4 (Tex. App. — Austin Aug. 30, 2012, no pet.) (citing Reardean v. CitiMortgage, Inc., No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011)).  See also Slaughter v. Quails, 162 S.W.2d 671, 675 (1942) (a trustee's power to sell a debtor's property derives solely from the deed of trust). Non-judicial foreclosures are governed by Chapter 51 of the Texas Property Code, which authorizes either a mortgagee or a mortgage servicer acting on behalf of a mortgagee to sell real property under a "power of sale conferred by a deed of trust."  See Tex. Prop. Code. §§ 51.002, 51.0025.  Under Texas law "a deed of trust is a mortgage with a power to sell on default." Starcrest Trust v. Berry, 926 S.W.2d 343, 351 (Tex. App. — Austin 1996, no writ).  The Property Code defines a "mortgagee" as "(A) the grantee,

beneficiary, owner, or holder of a security instrument; (B) a book entry system, or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."  Tex. Prop. Code § 51.0001(4).

### 2.  Application of the Law to the Facts

Attached to GMACM's MSJ is evidence showing that GMACM is not only the holder and owner of the Note and the Security Interest, but also is the mortgagee and servicer of the Loan with right to foreclose and sell the Property.  This evidence consists of the Declaration of Michael S. Batson ("Batson"), Senior Litigation Analyst for GMACM,[27] and records of the Loan attached thereto that "are kept by GMACM in the regular and ordinary course of business,"[28] and are "true and complete copies of the original records maintained by GMACM."[29]  The Loan records attached to the Batson Declaration are:  (1) Uniform Residential Loan Application signed by Janice Kittler on October 31, 2007;[30] (2) Settlement Statement;[31] (3) Texas Home Equity Note;[32] (4) Texas Home Equity Security Instrument, signed and acknowledged by the Kittlers on

---

[27]Batson Declaration, Exhibit D to GMACM's MSJ, Docket Entry No. 25.

[28]Id. ¶ 2.

[29]Id. ¶ 6, and Exhibits D-1 through D-5 attached thereto.

[30]Exhibit D-1 to GMACM's MSJ, Docket Entry No. 25.

[31]Exhibit D-2 to GMACM's MSJ, Docket Entry No. 25.

[32]Exhibit D-3 to GMACM's MSJ, Docket Entry No. 25.

February 1, 2008;[33] and (5) Assignment of the Security Instrument from MERS to GMACM.[34]

The Kittlers do not contest that Janice Kittler signed the Note, that Janice Kittler and Leslie Kittler both signed the Security Instrument, that the Security Instrument named MERS as the beneficiary,[35] or that they have defaulted on the Loan.   Instead,

> 3.   Plaintiffs object to the Declaration of Michael S. Batson as he clearly does not have personal knowledge of the assignment at issue in this case. As stated in his Declaration, Mr. Batson's knowledge is limited to his review of certain records in Defendant's Loan file.   He does not purport to have any actual involvement whatsoever in, or personal knowledge concerning, the assignment of the Loan at issue. Accordingly, Plaintiffs respectfully submit that Mr. Batson's testimony is not competent to establish the authenticity of the purported Loan assignment.

> 4.   Additionally, Defendant has failed and/or refused to produce the original Loan documents for Plaintiff to review, including the promissory note and related Security Instrument at issue in this case.   Although Mr. Batson's Declaration states that the documents attached to his Declaration are copies of Defendant's original records, he does not state that they are genuine, true and correct copies of the original Loan documents.   Accordingly, there is no evidence whatsoever submitted that he reviewed original Loan documents or had any personal knowledge whatsoever of the purported assignment of the original Loan documents to the Defendant.

> 5.   In view of the above, Plaintiff respectfully submits that Defendant has not established it is the current owner and holder of the Loan and/or Loan documents and

---

[33]Exhibit D-4 to GMACM's MSJ, Docket Entry No. 25.

[34]Exhibit D-5 to GMACM's MSJ, Docket Entry No. 25.

[35]See Security Instrument, Exhibit D-4 to GMACM's MSJ, Docket Entry No. 25, p. 1 ¶ (E).

entitled to foreclose on Plaintiffs' home under the
Security Instrument at issue in this case.[36]

      (a)   The Batson Declaration and the Exhibits Attached
           Thereto Are Competent Summary Judgment Evidence

The Fifth Circuit has "held that an affidavit can adequately

support a motion for summary judgment when the affiant's personal

knowledge is based on a review of her employer's business records

and the affiant's position with the employer renders her competent

to testify on the particular issue which the affidavit concerns."

Carson v. Perry, 91 F.3d 138 (table), 1996 WL 400122, at *1 (5th

Cir. 1996) (per curiam) (citing F.D.I.C. v. Selaiden Builders,

Inc., 937 F.2d 1249, 1254-55 n.12 (5th Cir. 1992), cert. denied,

113 S. Ct. 1944 (1993) (per curiam) (rejecting challenge to

affidavits where affiants had personal knowledge that RTC took over

assets of failed institution but had no precise personal knowledge

of the particular note at issue); and Resolution Trust Corp. v.

Camp, 965 F.2d 25, 29 (5th Cir. 1992) (rejecting plaintiffs'

attempt to defeat summary judgment by challenging an affidavit as

untrue without pointing to any "evidence in the record to the

effect that they had a legitimate fear that RTC was not the owner

and holder of the note in question and that some other entity might

later approach them demanding payment")). See also Cuevas v. BAC

Home Loans Servicing LP, 648 F.3d 242, 250 (5th Cir. 2011) (citing

---

    [36]Plaintiffs' Response in Opposition to Defendant's Motion for
Summary Judgment ("Plaintiffs' Response"), Docket Entry No. 26,
¶¶ 3-5.

with approval the affidavit of a corporate officer submitted in support of summary judgment stating that she was testifying from her personal knowledge of the defendant bank's structure, and her review of relevant business records).

Batson states in his Declaration that he has personal knowledge of GMACM's "business practices and procedures concerning the servicing of loans," including the Kittlers' Loan, through his position as Senior Litigation Analyst for GMACM, and that the statements in his Declaration are based on his review of GMACM's records related to the Kittlers' Loan. The bulk of Batson's Declaration merely describe the documents attached as exhibits thereto — two of which are referenced in the Kittlers' First Amended Complaint, i.e., the Texas Home Equity Promissory Note, and the Texas Home Equity Security Instrument.[37] The facts Batson recites are facts that a GMACM representative would naturally know, such as the fact that the Kittlers have a Loan that is being serviced by GMACM, that the Loan was assigned to GMACM, that the Kittlers defaulted on the Loan by failing to make their monthly mortgage payments, that notices of default and acceleration have

---

[37]Plaintiffs' First Amended Complaint, Docket Entry No. 18, p. 2 ¶ 7 (stating that "[o]n or about February 1, 2008, Plaintiffs executed a Texas home equity promissory note (hereinafter the "Note") in the original principal amount of $200,100.00 and payable to the order of Mortgage Electronic Registration Systems"), and ¶ 8 (stating that "Plaintiffs also executed a security instrument (the "Security Instrument") granting Mortgage Electronic Registration Systems a lien on Plaintiffs' Home. The Security Instrument purportedly grants Mortgage Electronic Registration Systems, its successors and assigns, a deed of trust lien on the Property.").

been sent to the Kittlers, and that the debt remains unpaid in a specific amount.    Moreover, Batson also states facts that the Kittlers freely admit in their pleadings such as the facts that they signed the Loan papers, they made payments to GMACM and/or to agents acting on GMACM's behalf, GMACM has alleged that they are in default and threatened them with  foreclosure, and that they have tried to work out a resolution of the claimed default with GMACM.[38] The Kittlers object to Batson's Declaration as not based on personal knowledge, but they have failed to point to any evidence in the record showing that they have a legitimate fear that GMACM is not the owner and holder of the Note in question and that some other entity might later approach them demanding payment.  Because the Kittlers have failed to cite any evidence indicating that any of the statements in Batson's Declaration are inaccurate or untrue, the court concludes that Batson's Declaration is competent summary judgment evidence, and the Kittlers' objections to it have no merit.  See Bittinger v. Wells Fargo Bank NA, Civil Action No. H-10-1745, 2011 WL 5415664, *3 (S.D. Tex. November 8, 2011) (finding affidavit of mortgage servicer's assistant secretary competent summary judgment evidence of transfers, possession, and servicing of the mortgage loan at issue).  The Kittlers' objections to the records attached to Batson's declaration are similarly without merit.

---

[38] Id. ¶¶ 13 and 15.

Batson states that the documents

> [a]ttached hereto are certain documents from the Loan
> File. All of the documents discussed below and attached
> hereto are kept by GMACM in the regular and ordinary
> course of business. The documents attached hereto
> (identified below) are true and complete copies of the
> original records by GMACM.[39]

Without citing any authority, the Kittlers argue that GMACM

> has failed and/or refused to produce the original Loan
> documents for Plaintiff to review, including the
> promissory note and related Security [I]nstrument at
> issue in this case. Although Mr. Batson's Declaration
> states that the documents attached to his Declaration are
> copies of Defendant's original records, he does not state
> that they are genuine, true and correct copies of the
> original Loan documents. Accordingly, there is no
> evidence whatsoever submitted that he reviewed original
> Loan documents or had any personal knowledge whatsoever
> of the purported assignment of the original Loan
> documents.[40]

The Kittlers' assertions that GMACM was required to produce the original loan documents to prove it could foreclose on the Property implicate the "show-me-the-note" theory. See Bennett v. JPMorgan Chase, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), recommendation adopted, 2012 WL 2864467 (N.D. Tex. July 12, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." Id. (citing Wells v. BAC Home Loan Servicing, L.P., No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. April 26, 2011)). The Fifth Circuit

---

[39]Batson Declaration, Exhibit D to GMACM's MSJ, Docket Entry No. 25, p. 2 ¶ 6.

[40]Plaintiffs' Response, Docket Entry No. 26, p. 2 ¶ 4.

has rejected the "show-me-the-note" theory as having no merit.  See
Martins v. BAC Home Loans Servicing, L.P., No. 12-20559, ___ F.3d
___, 2013 WL 3213633 (5th Cir. June 26, 2013).  See also Bennett,
2012 WL 2864751, at *3 (recognizing that "[t]he theory has been
repeatedly rejected in this circuit and has no merit"); and
Cervantes v. U.S. Bank National Association, No. 3:12-CV-0661-D,
2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (collecting cases).
Recognizing that "[i]n Texas, existence of a note may be
established by '[a] photocopy of the promissory note, attached to
an affidavit in which the affiant swears that the photocopy is a
true and correct copy of the original note,'" the Fifth Circuit has
recently said that "[w]e find no contrary Texas authority requiring
production of the 'original' note," and held that "[t]he original,
signed note need not be produced in order to foreclose."  Martins,
___ F.3d at ____, 2013 WL 3213633, *4 (quoting Blankenship v.
Robins, 899 S.W.2d 236, 238 (Tex. App. — Houston [14th Dist.] 1994,
no writ)).  Accordingly, the Kittlers' objections to the Batson
Declaration and to the documents attached thereto as exhibits are
overruled.

       (b)  The Security Agreement Has Been Assigned to GMACM
       The Kittlers' contention that GMACM cannot foreclose on the
Property because they "believe and submit that [GMACM] does not
hold the Security Agreement,"[41] challenges the assignment of the

_____

       [41]Plaintiffs' First Amended Complaint, Docket Entry No. 18,
p. 4 ¶ 19.

Security Interest from MERS to GMACM.  Courts in this circuit have repeatedly held that plaintiffs have no standing to challenge assignments unless they become a party, agent or assignee of a party, or a third-party beneficiary of the agreement.  See Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 625–26 (S.D. Tex. 2010).  See also James v. Wells Fargo Bank, N.A., No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. March 12, 2012) (citing Eskridge v. Federal Home Loan Mortgage Corp., No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. February 24, 2011) ("Plaintiff has no standing to contest the various assignments as she was not a party to the assignments.").  Moreover, even if the Kittlers have standing to challenge MERS' assignment of the Security Instrument to GMACM, their challenge would have no merit because any argument that the Security Instrument was not properly assigned to GMACM is contradicted by the Security Instrument and the Assignment.

The Security Instrument identifies the borrower and grantor as Janice K. Kittler and husband, Leslie Kittler, the lender as GMAC Mortgage, LLC, the trustee as George M. Shanks, Jr., and provides:

> (E)  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.  MERS is organized and existing under the laws of Delaware . . .

> (F)  "Note" means the promissory note signed by Borrower and dated FEBRUARY 1, 2008.  The Note states that Borrower owes Lender TWO HUNDRED THOUSAND ONE HUNDRED AND 00/100ths Dollars (U.S. $200,100.00) plus interest.  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than MARCH 1, 2038.

-17-

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."[42]

The paragraph titled "TRANSFER OF RIGHTS IN THE PROPERTY" provides:

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Extension of Credit, and all extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in the COUNTY of HARRIS:

LOT FIFTEEN (15), IN BLOCK TWENTY (20), IN INDIAN SHORES, SECTION FOUR (4), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 144, PAGE 43, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS,

which currently has the address of 21051 FLAMING ARROW TRAIL, CROSBY, Texas 77532 ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the Property, and all easements, appurtenances and fixtures now or hereafter a part of the Property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property": provided however, that the Property is limited to homestead property in accordance with Section 50(a)(6)(11), Article XVI of the Texas Constitution. Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take

---

[42]Security Instrument, Exhibit D-4 to GMACM's MSJ, Docket Entry No. 25, p. 1 ¶¶ (E)-(G).

any action required of Lender including but not limited to, releasing and canceling this Security Instrument.[43]

Because the Security Instrument executed by the Kittlers named MERS as beneficiary and nominee for the original lender, GMACM and its successors and assigns, and granted MERS the right to foreclose and sell the Property, MERS had the authority to assign the Security Instrument to another party that would then be able to sell and foreclose the property. See Lamb v. Wells Fargo Bank, N.A., No. 3:12-CV-00680-L, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (holding that MERS could assign the deed of trust because the deed of trust "on its face" granted MERS "the right to sell and foreclose the property").

The Assignment attached to Batson's Declaration states:

FOR VALUE RECEIVED, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to GMAC Mortgage, LLC, c/o GMAC Mortgage, LLC, . . . all beneficial interest under that certain Deed of Trust, dated February 01, 2008, executed by Janice K. Kittler and husband, Leslie Kittler, Grantor, to George M. Shanks, Jr., Trustee, . . . Clerks File No. 20080062560, Records of HARRIS County, State of Texas, described land therein as:

LOT FIFTEEN (15), IN BLOCK TWENTY (20), IN INDIAN SHORES, SECTION FOUR (4), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 144, PAGE 43, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

As set forth in said Deed of Trust and incorporated by reference herein.[44]

_____

[43]Security Instrument, Exhibit D-4 to GMACM's MSJ, Docket Entry No. 25, pp. 2-3.

[44]Assignment, Exhibit D-5 attached to GMACM's MSJ, Docket Entry No. 25.

Attached to the Assignment is a notarized signature page signed by MERS' Assistant Secretary, Anthony McLaughlin, on January 19, 2011. Both the Assignment and its notarized signature page were filed with the Harris County Clerk on February 2, 2011. Moreover, Batson states in his Declaration that the Assignment attached thereto as Exhibit 5 is "[a] true and correct copy of the Assignment."[45] Because the Assignment conveys MERS' rights under the Security Instrument to GMACM, and because MERS' rights under the Security Instrument included the right to sell and foreclose the Property, pursuant to MERS' assignment of the Security Instrument to GMACM, GMACM acquired the same rights that MERS had to sell and foreclose the Property. See Lamb, 2012 WL 1888152, at *5 (citing Wigginton v. Bank of New York Mellon, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011)). Accordingly, the Kittlers' challenge to MERS' assignment of the Security Instrument to GMACM fails to give rise to a reasonable inference that GMACM does not hold the Security Instrument.

      (c)  GMACM is Entitled to Enforce the Security Instrument

The Kittlers' allegations that GMACM is not the owner or holder of the Note and/or the Security Instrument are irrelevant with respect to GMACM's right to enforce the Security Instrument through non-judicial foreclosure under Texas law. Non-judicial foreclosure sales of real property under contract liens are

---

[45]Batson Declaration, Exhibit D to GMACM's MSJ, Docket Entry No. 25.

governed by Chapter 51 of the Texas Property Code.   Pursuant to § 51.0025 a "mortgagee" or a "mortgage servicer" may conduct foreclosure proceedings.   Tex. Prop. Code. Ann. § 51.0025.   The "mortgagee" is defined as

>   (A)   the grantee, beneficiary, owner, or holder of a security instrument;
>
>   (B)   a book entry system; or
>
>   (C)   if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.

Tex. Prop. Code Ann. § 51.0001(4).   A good explanation of MERS and Texas law is found in <u>Richardson v. CitiMortgage, Inc.</u>, No. 6:10-cv-119, 2010 WL 4818556, *5 (E.D. Tex. November 22, 2010), where United States Magistrate Judge Judith K. Guthrie explained as follows:

>   Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale. <u>Athey v. MERS</u>, 314 S.W.3d 161, 166 (Tex.App.-Eastland 2010).   MERS was the nominee for Southside Bank and its successors and **assigns.**   MERS had the authority to transfer the rights and interests in the Deed of Trust to CitiMortgage.   The Plaintiffs' complaints about the role of MERS in this matter lack merit.
>
>   It is further noted that the role of MERS has been the subject of federal multidistrict litigation in <u>In re: Mortgage Electronic Registration Systems (MERS) Litigation</u>, 659 F.Supp.2d 1368 (United States Judicial Panel Multi-district Litigation 2009).   The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. <u>Id.</u> at 1370.   The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale.   <u>Id.</u> at 1370 n. 6.   MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book [entry] system for

registering a beneficial interest in security instrument and its successors and **assigns**."  As noted in Athey, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents.

GMACM is entitled to enforce the Security Instrument because MERS, as a book entry system, qualifies as a mortgagee under § 51.0001(4) of the Texas Property Code, and because the Security Instrument granted MERS the power to foreclose and sell the Property.  For the reasons explained above, the court has already concluded that MERS assigned the Security Instrument and all the interest secured thereby to GMACM.  Accordingly, even if true, the Kittlers' allegations that GMACM is not the holder or the owner of the Note do not give rise to a reasonable inference that GMACM lacks authority to foreclose and sell the Property.

**B.   The Kittlers Fail to Cite Evidence Capable of Raising a Fact Issue as to Whether They Have Been Overcharged or Whether the Amount Owing on the Note is Not as Represented by GMACM**

Asserting that "it is unclear what amounts are owed and how the payments have been applied,"[46] and that "they have been overcharged,"[47] the Kittlers seek declaratory judgment reflecting "the amount owed on the Note."[48]  Citing the Batson Declaration and the Payment History of the Kittlers' Loan, GMACM argues that when its motion for summary judgment was filed on January 25, 2013, "the

---

[46]Plaintiffs' First Amended Complaint, Docket Entry No. 18, p. 4 ¶ 23.

[47]Id. ¶ 24.

[48]Id. at 4-5 ¶ 26.

total amount due on the Loan [wa]s $51,812.69,"[49] and that "Plaintiffs' payments were applied in accordance with the terms of the Security Instrument."[50]  Although the Kittlers have alleged in response to GMACM's motion for summary judgment[51] that "Defendant and other parties asserting to be acting on behalf of Defendant have overcharged Plaintiff on the loan evidenced by the Note,"[52] the Kittlers have neither offered any argument nor cited any evidence from which a reasonable fact-finder could conclude that the loan payments they have made were not applied in accordance with the terms of the Security Instrument, that they have been overcharged, or that the amount due on the Loan when GMACM filed its motion for summary judgment was not $51,812.69.   Accordingly, the court concludes that the Kittlers have failed to raise a genuine issue of material fact for trial that they have been overcharged or that the amount owing on the Note is not the amount claimed by GMACM.

**C.   The Kittlers' Have Failed to Raise a Fact Issue as to Whether GMACM Violated a Duty to Deal Fairly or Act in Good Faith**

Asserting that "the entire process of attempting to work out a resolution with [GMACM] has been frustrating,"[53] the Kittlers

---

[49]GMACM's MSJ, Docket Entry No. 25, p. 6 (citing the Batson Declaration, Exhibit D thereto, and the Payment History for the Loan, Exhibit D-8 thereto).

[50]Id.

[51]Plaintiffs' Response, Docket Entry No. 26.

[52]Plaintiffs' First Amended Complaint, Docket Entry No. 18, p. 3 ¶ 14.

[53]Plaintiffs' First Amended Complaint, Docket Entry No. 18, p. 3 ¶ 17.

assert that they "believe that [GMACM] has failed to deal fairly and/or act in good faith with respect to [them]."[54]  The Kittlers explain that while they

> were attempting to work out a resolution of the claimed default with the Defendant and other parties working on behalf of the Defendant, without prior notice to the Plaintiffs, the Defendant commenced legal action to obtain a non-judicial foreclosure on Plaintiffs' property and, in connection therewith, filed an Application for Foreclosure under Cause No. 2011-10755, in the 295th Judicial District Court of Harris County, Texas, pursuant to Rule 736 of the Texas Rules of Civil Procedure. Plaintiffs objected to and challenged Defendant's actions by bringing [this] suit . . .[55]

Asserting that "[n]othing -- whether in the Security Instrument or the law -- provides support for the argument that a foreclosure is wrongful under Texas law if it occurs while borrowers are requesting a modification of their loan terms,"[56] GMACM argues that "Plaintiffs' claims about alleged defects in the foreclosure process have no merit and should be dismissed as a matter of law."[57]

The Kittlers have responded to GMACM's motion for summary judgment,[58] but they have not cited any evidence from which a reasonable fact-finder could conclude that "Defendant has failed to

---

[54]_Id._

[55]_Id._ ¶ 18.

[56]GMACM's MSJ, Docket Entry No. 25, p. 7.

[57]_Id._

[58]Plaintiffs' Response, Docket Entry No. 26.

-24-

deal fairly and/or act in good faith with respect to [them]."[59]  Nor
have they offered an argument or cited any legal authority from
which the court could conclude that GMACM owed them a duty either
to modify the terms of their Loan, refrain from initiating
foreclosure, or suspend foreclosure activities.   See Federal
Deposit Insurance Corp. v. Coleman, 795 S.W.2d 706, 709 (Tex. 1990)
("The relationship of mortgagor and mortgagee ordinarily does not
involve a duty of good faith.").   Moreover, the terms of the
Security Instrument are to the contrary:

> **11.  Borrower Not Released; Forbearance By Lender Not a
> Waiver.**  Extension of the time for payment or modifica-
> tion of amortization of the sums secured by this Security
> Instrument granted by Lender to Borrower or any Successor
> in Interest of Borrower shall not operate to release the
> liability of Borrower or any Successors in Interest of
> Borrower.   Lender shall not be required to commence
> proceedings against any Successor in Interest of Borrower
> or to refuse to extend time for payment or otherwise
> modify amortization of the sums secured by this Security
> Instrument by reason of any demand made by the original
> Borrower or any Successors in Interest of Borrower.  Any
> forbearance by Lender in exercising any right or remedy
> including, without limitation, Lender's acceptance of
> payments from third persons, entities or Successors in
> Interest of Borrower or in amounts less than the amount
> then due, shall not be a waiver of or preclude the
> exercise of any right or remedy.[60]

Accordingly, the Kittlers have failed to present any evidence from
which a reasonable fact-finder could conclude either that GMACM has
failed to deal fairly and/or act in good faith with respect to the

---

[59]Plaintiffs' First Amended Complaint, Docket Entry No. 18,
p. 3 ¶ 17.

[60]Security Instrument, Exhibit D-4 to GMACM's MSJ, Docket Entry
No. 25, p. 8 ¶ 11.

Kittlers by failing to modify their loan, refraining from initiating foreclosure, or suspending foreclosure activities.

**D. The Kittlers' Claim for Declaratory Judgment Fails**

The only cause of action asserted in Plaintiffs' First Amended Complaint is for declaratory judgment. "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." Bell v. Bank of America Home Loan Servicing LP, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. February 21, 2012). The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. See Bell, 2012 WL 568755, at *8. See also Aetna Life Insurance Co. of Hartford, CT v. Haworth, 57 S. Ct. 461, 463 (1937) ("the operation of the Declaratory Judgment Act is procedural only"); Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc., 723 F.2d 1173, 1179 (5th Cir. 1984) (same).

-26-

In a declaratory judgment action, "[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties." <u>Bauer v. Texas</u>, 341 F.3d 352, 358 (5th Cir. 2003). For the reasons described in this Memorandum Opinion and Order, the facts alleged in the Kittlers' First Amended Complaint fail to raise a "substantial and continuing controversy" over GMACM's entitlement to foreclose on the Property. Because GMACM has submitted undisputed summary judgment evidence establishing not only that it is the holder of the Note and the assignee of the Security Instrument, but also that it is entitled to enforce the Security Instrument by foreclosing on the Property, the Kittlers' requests for declaratory judgment must be denied.

### V.  Conclusions and Order

For the reasons stated above, GMAC Mortgage, LLC's Motion for Summary Judgment and Incorporated Brief in Support Thereof (Docket Entry No. 25) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE